UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASPEN TECHNOLOGY, INC.,<br><br>                                    Plaintiff,<br><br>   v.<br><br>F/V SOFTWARE, L.L.C.,<br><br>                                    Defendant. | Civil Action<br>No. 04-11830 |

**ANSWER, AFFIRMATIVE DEFENSES, and COUNTERCLAIM
OF DEFENDANT F/V SOFTWARE L.L.C.**

Defendant F/V Software, L.L.C. ("F/V") respectfully submits its Answer, Affirmative Defenses, and Counterclaim to the Complaint for Declaratory Relief ("Complaint") filed by Aspen Technology, Inc. ("Aspen").

## ANSWER

1. F/V denies the allegations of paragraph 1 of the Complaint.

2. F/V denies the allegations of paragraph 2 of the Complaint, and avers that the RRA is the best statement of its contents.

3. F/V denies the allegations of paragraph 3 of the Complaint.

4. F/V denies the allegations of paragraph 4 of the Complaint.

5. F/V denies the allegations of paragraph 5 of the Complaint.

6. F/V denies the allegations of paragraph 6 of the Complaint.

7. F/V denies the allegations of paragraph 7 of the Complaint.

8. F/V denies the allegations of paragraph 8 of the Complaint.

9.  F/V admits the corporate status of Aspen and denies knowledge or information sufficient to form a belief as to the truth of Aspen's marketing claims.

10. F/V denies the allegations of paragraph 10 of the Complaint.

11. F/V denies the allegations of paragraph 11 of the Complaint.

12. F/V denies the allegations of paragraph 12 of the Complaint.

13. F/V denies the allegations of paragraph 13 of the Complaint.

14. F/V denies the allegations of paragraph 14 of the Complaint.

15. F/V denies the allegations of paragraph 15 of the Complaint.

16. F/V denies the allegations of paragraph 16 of the Complaint.

17. F/V admits the allegations of paragraph 17 of the Complaint.

18. F/V denies the allegations of paragraph 18 of the Complaint

19. F/V denies the allegations of paragraph 19 of the Complaint except to admit that F/V employed Sher Garner as its attorney. F/V denies knowledge or information sufficient to form a belief as to the truth of Aspen's allegations as to the expertise of Sher Garner.

20. F/V denies the allegations of paragraph 20 of the Complaint.

21. F/V denies the allegations of paragraph 21 of the Complaint, which has ambiguous references to "negotiations" and 'agreements".

22. F/V denies the allegations of paragraph 22 of the Complaint.

23. F/V denies the allegations of paragraph 23 of the Complaint.

24. F/V denies the allegations of paragraph 24 of the Complaint.

25. F/V denies the allegations of paragraph 25 of the Complaint.

26. F/V denies the allegations of paragraph 26 of the Complaint and avers that the Membership Interest Purchase Agreement is the best statement of its contents.

27. F/V admits the allegations of paragraph 27 of the Complaint.

28. F/V admits the allegations of paragraph 28 of the Complaint.

29. F/V denies the allegations of paragraph 29 of the Complaint and avers that the RRA is the best statement of its contents.

30. F/V denies the allegations of paragraph 30 of the Complaint and avers that the RRA is the best statement of its contents.

31. F/V denies the allegations of paragraph 31 of the Complaint.

32. F/V denies the allegations of paragraph 32 of the Complaint.

33. F/V denies the allegations of paragraph 33 of the Complaint.

34. F/V denies the allegations of paragraph 34 of the Complaint.

35. F/V denies the allegations of paragraph 35 of the Complaint.

36. F/V denies the allegations of paragraph 36 of the Complaint.

37. F/V denies the allegations of paragraph 37 of the Complaint.

38. F/V denies the allegations of paragraph 38 of the Complaint.

39. F/V denies the allegations of paragraph 39 of the Complaint.

40. F/V denies the allegations of paragraph 40 of the Complaint.

41. F/V denies the allegations of paragraph 41 of the Complaint.

42. F/V denies the allegations of paragraph 42 of the Complaint.

43. F/V denies the allegations of paragraph 43 of the Complaint.

44. F/V denies the allegations of paragraph 44 of the Complaint.

45. F/V denies the allegations of paragraph 45 of the Complaint.

46. F/V denies the allegations of paragraph 46 of the Complaint.

47. F/V denies the allegations of paragraph 47 of the Complaint.

48. F/V denies the allegations of paragraph 48 of the Complaint.

49. F/V denies the allegations of paragraph 49 of the Complaint.

50. F/V denies the allegations of paragraph 50 of the Complaint.

51. F/V denies the allegations of paragraph 51 of the Complaint.

52. F/V denies the allegations of paragraph 52 of the Complaint.

53. F/V denies the allegations of paragraph 53 of the Complaint.

54. F/V denies the allegations of paragraph 54 of the Complaint.

55. F/V denies the allegations of paragraph 55 of the Complaint.

56. F/V denies the allegations of paragraph 56 of the Complaint.

57. F/V denies the allegations of paragraph 57 of the Complaint.

58. F/V admits the allegations of paragraph 58 of the Complaint.

59. F/V admits the allegations of paragraph 59 of the Complaint.

60. F/V denies the allegations of paragraph 60 of the Complaint.

61. F/V denies the allegations of paragraph 61 of the Complaint.

62. The allegations of paragraph 62 of the Complaint require no answer by F/V.

63. F/V repeats and realleges its responses to paragraphs 1-62 of the Complaint.

64. F/V denies that an actual controversy had arisen and existed at the time Aspen filed the Complaint.

65. F/V denies the allegations of paragraph 65 of the Complaint.

66. F/V denies the allegations of paragraph 66 of the Complaint.

67. The allegations of paragraph 67 of the Complaint require no answer by F/V.

68. F/V denies the allegations of paragraph 68 of the Complaint.

69. F/V repeats and realleges its responses to paragraphs 1-68 of the Complaint.

70. F/V denies the allegations of paragraph 70 of the Complaint.

71. F/V denies the allegations of paragraph 71 of the Complaint.

72. F/V denies the allegations of paragraph 72 of the Complaint.

73. The allegations of paragraph 73 of the Complaint require no answer by F/V.

74. The allegations of paragraph 74 of the Complaint contain a typographical error and are ambiguous, and F/V denies the allegations.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim within the subject matter jurisdiction of this Court.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim that should be heard by this Court exercising the discretion provided by the Declaratory Judgment Act.

### FOURTH AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over F/V.

### **COUNTERCLAIM**

1. Aspen filed its Complaint for Declaratory Relief against F/V in this Court on August 23, 2004.

2. F/V filed a Complaint for Breach of Contract against Aspen on August 31, 2004 in the United States District Court for the Eastern District of Louisiana.

3. On May 19, 2005, this Court denied F/V's motion to dismiss Aspen's Complaint for Declaratory Relief.

4. On June 23, 2005, F/V's Complaint for Breach of Contract against Aspen was transferred from the Eastern District of Louisiana to this Court and now bears docket number 05-cv-11286-PBS.

5. F/V alleges and adopts its Complaint for Breach of Contract as its counterclaim.

WHEREFORE, F/V Software, L.L.C. respectfully requests that this Court dismiss the Complaint for Declaratory Relief and, should the Court find it has jurisdiction over the claim and the person of F/V Software, L.L.C., dismiss the Complaint for Declaratory Relief with prejudice, and grant judgment to F/V Software, L.L.C. on its counterclaim including all costs and other relief as the Court deems just.

Respectfully submitted,

F/V SOFTWARE, INC.,

By its attorneys,

s/Terrence G. O'Brien_____
Terrence G. O'Brien (Bar No. 10147)
TAGGART, MORTON, OGDEN, STAUB,
ROUGELOT & O'BRIEN, LLC
1100 Poydras Street, Suite 2100
New Orleans, LA 70163-2100
Telephone: 504.599.8500
Facsimile: 504.599.8501

s/Timothy N. Schofield_____
Timothy N. Schofield (BBO# 645179)
SCHOFIELD & ASSOCIATES
6 Beacon Street, Suite 720
Boston, MA 02108
Telephone: 617.557.4545
Facsimile: 617.531.0136

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

\_\_\_\_s/ Terrence G. O'Brien_____
Terrence G. O'Brien